STATE OF IOWA v. ALBERT J. THORP, Appellant.

PRACTICE: CONFLICTING EVIDENCE.  Where the evidence is conflict-
ing as to the identity of the defendant and as to the *alibi* inter-
posed as a defense, a verdict of guilty will not be disturbed.

*Appeal from Davis District Court.*—HON. W. I. BABB, Judge.

THURSDAY, OCTOBER 1, 1895.

Albert J. Thorp was convicted of the crime of larceny, and
appeals.—*Affirmed.*

*Payne & Sowers* for appellant.

*Milton Remley,* attorney general, *Ellsworth Rominger,* county
attorney, and *Jesse A. Miller,* for the state.

Kinne, J.—I. Defendant was charged with stealing a cow and
calf from one Jane Smith, in Davis county, Iowa.  It appears that
some person, on the night of July 23, 1894, took a cow and calf from
the inclosure of Jane Smith in Davis county, Iowa, and the next
forenoon the same animals were sold to one Birney, in Glenwood,
Mo.  The day after the cattle had been stolen, they were found in
Birney's possession.  Defendant contends that he did not steal the
animals; that the evidence was not such as to warrant the jury in
finding him guilty; and that in fact he was in the town of Moulton,
Iowa, at the time they must have been taken and sold, which place
is over twenty miles distant from Glenwood, Mo.  The state intro-
duced several witnesses, who testified to seeing defendant in Glen-
wood, Mo., the morning after the cattle had been stolen; that he
was the identical person who sold the cattle to Birney; that they
paid particular attention to the appearance of the man who sold the
cattle, noticed the shape of his head, the cut of his hair, and his
features.  Birney, who purchased the cattle, is positive that defend-
ant is the man he bought of.  He would not pay him, until he had
been identified, and arrangements were made at the bank at Glen-
wood to pay for the cattle upon proper assurance from the Moulton,
Iowa, bank, that the seller, Rominger, as he called himself, was all
right.  Jones, the cashier of the Glenwood, Mo., bank, distinctly
remembers the defendant as the man who sold the cattle to Birney.
He noticed him particularly, and some time thereafter, without aid,
selected the defendant from among a number of men as the one who
sold the cattle.  Birney, within three days after he had purchased
the cattle, readily identified the defendant as the man he had pur-
chased of.  Other witnesses positively identified the defendant as

the man who had sold the cattle in Glenwood, Mo. Still others testified to seeing him with the cattle on the road, going toward Glenwood, early in the morning of the day on which they were sold. One of these men had known the defendant for years. Two other witnesses saw the defendant early in the afternoon of the day on which the cattle were sold on the road leading from Glenwood. One of these witnesses knew the defendant well, and conversed with him. Defendant introduced a large number of witnesses to show that he was, in fact, in Moulton, Iowa, on the afternoon and night of the twenty-fourth of July, 1894, and a part of the following day. Beardsley thinks he saw defendant in Moulton, Iowa, on the forenoon of July 24, 1894. Mrs. Beard says she saw him that morning at his father's place in Moulton. Andrew Beard testifies he saw defendant in his shop in Moulton between 3 and 4 o'clock of the afternoon of the twenty-fourth of July. Henden says he met defendant on the road, a mile from Moulton, while he (the witness) was hauling a load of wood. There is nothing inconsistent in the fact, if it be such, that defendant was seen in Moulton on the afternoon of July 24, 1894, and the fact that he was in Glenwood, Mo., early in the morning of the same day. As to Henden, it appears from other evidence that he is mistaken as to dates; that it was the twenty-sixth, instead of the twenty-fourth day of July, when he saw the defendant on the road. Swartz does not say he saw defendant the morning of the twenty-fourth, but he does say he saw him one morning early in the week. Garrett admits he may be mistaken as to the time defendant was in his office. Defendant's wife did not see him from Monday, July 23, to Wednesday evening, the twenty-fifth. A. B. Thorp, a brother of the defendant, says he had defendant's gray horse on the morning of the twenty-fourth, to ride to the stock pens in Moulton, but he is contradicted by two witnesses, who testify that the witness said in their presence that he had to walk to the stock pens that morning. Defendant's sister swears he was in Moulton all night the twenty-third, and at 7 o'clock on the morning of the twenty-fourth, but admits that she did not see him after he went to bed on Tuesday night, and that he was gone when she got up. The defendant, his father, mother, and sister, claim that he stayed all night of the twenty-third at the father's house in Moulton. It is not disputed that Mr. and Mrs. Downing stayed there at the same house the night of the twenty-third of July, and they were not aware of the fact that defendant was there, and did not see or hear him. Some other witnesses testify to having seen defendant in Moulton on the morning of July 24, 1894. Defendant, as a witness, undertook to account for his whereabouts on the forenoon of the twenty-fourth. His testimony in that respect was far from being satisfactory. In fact, evidence was introduced which, if it is to be believed, shows that defendant was not at the place he claims on that forenoon. There are many other facts which very much

weaken, if, indeed, they do not entirely destroy, the force of the testimony of defendant, his father, mother, and sister as to his being at the father's house on the night of the twenty-third of July, 1894. It would not be profitable to enter into a discussion of the law relating to identity and *alibi.* Under the instructions given we think the jury was fully justified in finding the defendant guilty. It is a case peculiarly within the province of a jury, and a case where much of the weight to be given to the evidence must be determined from the conduct and manner of the witnesses on the stand, their relationship to the defendant, and other similar facts.—*Affirmed.*